(61 Misc. Rep. 59.)

### TELZER v. BROOKLYN UNION ELEVATED R. CO.

(Supreme Court, Appellate Term. November 24, 1908.)

1. CARRIERS (§ 275*) — CARRIAGE OF PASSENGERS—ACTIONS—ADMISSIBILITY OF EVIDENCE.

In an action for breach of a carrier's contract to carry a passenger safely, testimony tending to show an assault and slanderous abuse of plaintiff while in the car was admissible in support of the action for breach of contract.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 275.*]

2. COURTS (§ 188*) — MUNICIPAL COURT — JURISDICTION—MALICIOUS PROSECUTION.

Under the direct provisions of Municipal Court Act, § 1, subd. 14 (Laws 1902, p. 1489, c. 580), that court has no jurisdiction of actions for malicious prosecution, so that it was error to admit evidence to support such an action which was joined with another action of which it had jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

3. APPEAL AND ERROR (§ 1177*)—DISPOSITION—NECESSITY OF NEW TRIAL—IMPROPER JOINDER—DEFECTS IN JURISDICTION.

Where an action for breach of a contract of carriage was joined in the Municipal Court with one for malicious prosecution, that court not having jurisdiction of the latter action, and it being impossible to determine how much damage was allowed for each cause of action, a new trial is necessary.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1177.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Goodman Telzer against the Brooklyn Union Elevated Railroad Company. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

George D. Yeomans (Francis R. Stoddard, Jr., of counsel), for appellant.

Palmieri & Wechsler, for respondent.

PER CURIAM. The complaint sets forth four distinct causes of action, viz.: (1) Breach of contract on the part of the defendant to carry plaintiff safely to his destination; (2) assault; (3) slander; and (4) malicious prosecution. The plaintiff upon the trial was allowed to show, and the jury found in his favor upon disputed evidence, that he duly paid his fare as a passenger on defendant's train; that he was roughly and improperly ejected therefrom by defendant's servants; that he was arrested, taken through the streets as a prisoner, and imprisoned overnight, under a false and malicious charge made against him, without probable cause, by defendant's servants; and that he was honorably acquitted and discharged after a hearing before the police magistrate. The particular testimony tending to show the assault in the car and the slanderous abuse also in the car may be taken as offered in support of the cause of action for breach of contract, but the evidence in support of the cause of action for malicious prosecution was improperly allowed, as the Municipal Court has no jurisdiction

over such causes of action. Municipal Court Act, § 1, subd. 14 (Laws 1902, p. 1489, c. 580). It is impossible to say how much damage the jury allowed for the breach of contract and how much for the malicious prosecution, and a new trial is necessary.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.